

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*401 Market Street, 4th Floor*   856-757-5026
*Camden, New Jersey 08101*

JBB/PL AGR
2024R00571

August 22, 2024

Margaret M. Grasso, Esq.
Law Office of Margaret M. Grasso
325 Chestnut Street, Suite 800
Philadelphia, PA 19106

      Re: <u>Plea Agreement with Dante Ford</u>

Dear Ms. Grasso:  *CR#25-107*

    This letter sets forth the plea agreement between your client, Dante Ford, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on September 19, 2024, if it is not accepted in writing and returned to this Office by that date. If Dante Ford does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Dante Ford to an Information that charges Dante Ford with conspiracy to commit bank fraud, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349. If Dante Ford enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Dante Ford for his involvement in a bank fraud conspiracy that involved defrauding financial institutions by negotiating altered or counterfeit checks that were stolen from the U.S. mail between June 2022 through June 2024, as set forth in the complaint pending against him in 24-mj-7080 (EAP). Dante Ford agrees that uncharged or dismissed counts should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or § 1B1.3(a).

    But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Dante Ford even if the applicable statute of limitations period for those charges expires after Dante Ford signs this agreement, and Dante Ford agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1349 to which Dante Ford agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of (1) $1,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Dante Ford is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Dante Ford ultimately will receive.

Further, in addition to imposing any other penalty on Dante Ford, the sentencing judge as part of the sentence:

(1) will order Dante Ford to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Dante Ford to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Dante Ford, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(2); and

(5) pursuant to 18 U.S.C. § 3583, may require Dante Ford to serve a term of release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Dante Ford be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dante Ford may be sentenced to not more than 3 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Dante Ford agrees that the sentencing Court must order that Dante Ford pay restitution to any victim of the offense charged in the Information in an amount that fully compensates each victim for the losses sustained as a result of this offense, as detailed in paragraph 13 of the Attached Schedule A. Dante Ford also agrees to pay full restitution, regardless of the resulting loss amount, to all victims directly or indirectly harmed by the Dante Ford's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259 or 3663A as detailed in paragraph 13 of the Attached Schedule A. Dante Ford understands that such restitution will be included in the Court's Order of Judgment and an unanticipated amount of a restitution order will not serve as grounds to withdraw the Dante Ford's guilty plea.

Forfeiture

As part of his acceptance of responsibility, Dante Ford agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds he obtained directly or indirectly as a result of the commission of the offense charged in the Information. Dante Ford further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by the defendant (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, in an amount to be agreed upon by the parties by the date of sentencing in this case, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Dante Ford further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas, and Dante Ford agrees to cooperate with this discovery.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Dante Ford's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Dante Ford waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Dante Ford understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Dante Ford waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Dante Ford's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Dante Ford further agrees that not later than the date he enters plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Dante Ford fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Dante Ford has intentionally failed to disclose assets on his Financial Disclosure Statement, Dante Ford agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Dante Ford by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dante Ford's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Dante Ford will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Dante Ford waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

Dante Ford understands that, if Dante Ford is not a citizen of the United States, Dante Ford's guilty plea to the charged offense will likely result in Dante Ford being subject to immigration proceedings and removed from the United States by making Dante Ford deportable, excludable, or inadmissible, or ending Dante Ford's naturalization. Dante Ford understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Dante Ford wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Dante Ford's removal from the United States. Dante Ford understands that Dante Ford is bound by this guilty plea regardless of any immigration consequences. Accordingly, Dante Ford waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Dante Ford also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dante Ford. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Dante Ford from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Dante Ford and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*/s/Jeffrey B. Bender*

By:   Jeffrey B. Bender
      Assistant U.S. Attorney

APPROVED:

Jason M. Richardson
Attorney-in-Charge, Camden

- 6 -

I have received this letter from my attorney, Margaret M. Grasso, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                         Date: 2/19/25
Dante Ford


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                         Date: 2/19/25
Margaret M. Grasso, Esq.
Counsel for Defendant

<u>Plea Agreement With Dante Ford</u>

<u>Schedule A</u>

1. This Office and Dante Ford recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2023 applies in this case.

3. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7 because the statutory maximum prison sentence is 20 years or more. *See* U.S.S.G. § 2B1.1(a)(1). The parties agree that the base offense level should increase by 14 levels because the actual loss was greater than $550,000 but less than $1,500,000. *See* U.S.S.G. § 2B1.1(b)(1)(H).

4. The parties agree that the offense level should increase by 2 levels because the offense and its relevant conduct involved 10 or more victims. *See* U.S.S.G. § 2B1.1(b)(2)(A).

5. The parties agree that the offense level should increase by 2 levels because the offense and its relevant conduct involved the production or trafficking of unauthorized or counterfeit access devices, *see* U.S.S.G. § 2B1.1(b)(11)(B)(i), or the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, *see* U.S.S.G. § 2B1.1(b)(11)(C)(i).

6. As of the date of this letter, Dante Ford has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Dante Ford's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Dante Ford has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Dante Ford's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Dante Ford enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Dante Ford's acceptance of responsibility has continued through the date of sentencing and Dante Ford therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Dante Ford's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. If Dante Ford establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level.

9. Accordingly, the parties agree that depending upon the sentencing court's resolution of the open Guidelines issue noted above, the total offense level ("Total Offense Level") applicable to Dante Ford is:

    a. **22**; or

    b. **20**, if Dante Ford meets the criteria in U.S.S.G. § 4C1.1 because Dante Ford would deserve a 2-level reduction under that provision.

10. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 41 months, and except as specified in the next paragraph below, Dante Ford will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 51 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a) Any proceeding to revoke the term of supervised release.

    (b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those

      circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

  13. This Office and Dante Ford agree to stipulate that the financial institutions sustained losses of at least $550,000 as a result of the offense charged in the Information and as to any relevant conduct.